IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
JOSEPH FEULNER, )
                               )
             Petitioner, )
                               )
   v. )   No.  04 C 4080
                               )
GREGORY SIMS, Warden, )
                               )
            Respondent. )

## MEMORANDUM OPINION AND ORDER

This Court's January 14, 2005 memorandum opinion and order
("Opinion") explained in detail why "it is plain that no
evidentiary hearing is 'required' (Section 2254 Rule 8(a) as
enforced before December 1) or 'warranted' (that same Rule as
amended effective December 1)" (Opinion at 8) in order to
consider and resolve the pro se 28 U.S.C. §2254[1] action that had
been filed by Joseph Feulner ("Feulner") to challenge his state
court conviction and sentence. Then on January 28 Feulner filed
a timely pro se "Motion To Alter or Amend Judgment" under Fed. R.
Civ. P. ("Rule") 59(e),[2] together with what he captioned as
"Petitioner's Response to Respondent's 'Reply'"--but for some
unexplained reason this District Court's Clerk's Office never

---

[1] All further references to Title 28's provisions will
simply take the form "Section--."

[2] At the outset of the Motion Feulner said he "hereby
intends, with difficulty, to invoke the prisoner mailbox rule" of
Houston v. Lack, 487 U.S. 266 (1988). That concern is needless,
for the interaction of Rule 59(e) and Rule 6(a) made his filing
timely even without the benefit of that rule.

delivered copies of those filings to this Court. Thus this Court first learned of Feulner's filings when, understandably concerned whether his appeal time from the Opinion-ordered dismissal of his Section 2254 Petition was running, Feulner submitted these new documents that were delivered to this Court:

1. "Motion for Contingent Filing Instanter," with attached "Notice of Appeal," "Motion for Issuance of Certificate of Appealability" and a photocopy of his Rule 59(e) Motion; and

2. Feulner's February 9 forwarding letter (a copy of which is attached by way of information).

Needless to say, Feulner cannot be prejudiced by the error of the Clerk's Office in handling his Rule 59(e) filing of the Motion, which prevented this Court (unaware of its existence) from ruling on it promptly. This opinion turns then to consideration of the Motion on the merits.

Feulner asserts that his pro se post-conviction filing in the Illinois Appellate Court suffered only from his inarticulateness in failing to challenge directly the asserted ineffectiveness of his trial counsel and of his appellate counsel on direct appeal. But that is simply not so--as Opinion at 6-7 explained, even though Feulner was obviously well aware of his contentions in those respects, he expressly chose to argue before the Appellate Court only--and derivatively--that his post-

2

conviction counsel had provided him with constitutionally deficient representation by failing to advance those arguments as to Feulner's earlier representation.

With that being the case, all that was before the Appellate Court was the claimed constitutionally deficient representation by Feulner's post-conviction appellate counsel--after all, that court was entitled to take Feulner at his word. And given the well-established absence of any constitutional right to the services of post-conviction counsel, the Appellate Court cannot be viewed as having rejected Feulner's underlying substantive claims when it upheld the dismissal of his post-conviction petition--there was no occasion to do so.[3]

Accordingly Feulner's Rule 59(e) motion is denied. This Court is contemporaneously causing his recently tendered Notice of Appeal to be filed, and Feulner is ordered to submit promptly a completed In Forma Pauperis Application (copies of which are being sent to him with a copy of this memorandum opinion and order), together with a printout showing the transactions in his inmate trust fund account since August 1, 2004. Those papers will allow this Court to make the determination and calculations called for by Section 1915. Finally, this Court denies Feulner's

---

[3] It should be noted, just as this Court did in Opinion at 7-8, that Feulner's underlying claims were also procedurally defaulted as such for other reasons advanced in the ably-presented Answer and the later Reply to the Petition, as filed by respondent Warden Sims.

motion for issuance of a certificate of appealability for the
reasons that have been set out in the Opinion and have been
adhered to here.

_____
Milton I. Shadur
Senior United States District Judge

Date:  February 22, 2005

Clerk of U.S. District Court
219 Dearborn St.
Chicago, IL 60604

February 9, 2005

Dear Clerk,

Enclosed please find my motion entitled "Motion for Contingent Filing Instanter".
In case it is not clear, I intend to file a Notice of Appeal if the Court
denied my Motion to Alter or Amend Judgment-[FRCP 59(e)] which I filed on
1/24/05, within 10 days of the judge dismissing my habeas corpus petition
on 1/14/05. However, since I have heard nothing about that motion, I am
trying to preserve my right to file an appeal within 30 days if somehow my
motion did not reach the Court or something draconian etc.

I hope this is clear, but I am anything but an experienced practitioner[*] in
Federal habeas corpus matters. It would be my further intention to file
a motion to appeal as a poor person, with the accompanying financial affidavit,
and docketing statement, as soon as I am notified that my appeal contingency
has been satisfied. Thank you and I would appreciate some explanation of my
state of my pleadings, should my rule 59 motion be denied.

Very truly,

Joseph Feulner
N00879 PO BOX 900
Taylorville, IL 62568

* While my motion is not a "complaint" I would ask for some forebearance on
the part of the Clerk and the Court should I have somehow filed something
unclear or amiss. See Donald v. Cook County Sheriff's Dept., 95 F.3d @ 555
(7th Cir. 1996).