

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.　)
JOSEPH FEULNER,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Petitioner,　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)　No.　04 C 4080
　　　　　　　　　　　　　　　　　　　)
GREGORY SIMS, Warden,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Respondent.　　　　　)

## MEMORANDUM ORDER

In a repeat of some prior nonperformance (see the attached February 22, 2005 memorandum opinion and order, the "Opinion"), another filing by pro se plaintiff Joseph Feulner ("Feulner") was not properly delivered to this Court's chambers. Instead this Court learned of Feulner's March 14 filing of an In Forma Pauperis Application ("Application") only when that turned up as an item on the computer-generated list of "Pending Motions" that this Court regularly obtains (the current list was obtained today). Although the Opinion had also denied Feulner's motion for issuance of a certificate of appealability, 28 U.S.C. §1915 ("Section 1915") still requires that his Application be addressed.

From the printout of transactions in Feulner's inmate trust fund account at Taylorville Correctional Center ("Taylorville") that accompanied the Application (see Section 1915(a)(2)), this Court has determined that the average monthly deposits to Feulner's account during the most recent six-month period (see

Section 1915(b)(1)(A)) amounted to $39.17, 20% of which comes to $7.83. Accordingly, although Section 1915(b)(1)(A) requires Feulner to pay the full $255 in filing fees in conjunction with his notice of appeal, prepayment of the fee in full is not required--instead an initial partial filing fee of $7.83 must be paid promptly, and the Taylorville trust fund officer is ordered to collect that partial filing fee from Feulner's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

After such payment, the trust fund officer at Taylorville (or at any other correctional facility where Feulner may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $255 filing fee is paid. Both the initial payment and all future payments shall be sent to the Clerk and shall clearly identify Feulner's name and the 04 C 4080 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Taylorville trust

2

fund officer.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 31, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
JOSEPH FEULNER,                   )
                                  )
                Petitioner,       )
                                  )
     v.                           )   No. 04 C 4080
                                  )
GREGORY SIMS, Warden,             )
                                  )
                Respondent.       )

MEMORANDUM OPINION AND ORDER

This Court's January 14, 2005 memorandum opinion and order ("Opinion") explained in detail why "it is plain that no evidentiary hearing is 'required' (Section 2254 Rule 8(a) as enforced before December 1) or 'warranted' (that same Rule as amended effective December 1)" (Opinion at 8) in order to consider and resolve the pro se 28 U.S.C. §2254[1] action that had been filed by Joseph Feulner ("Feulner") to challenge his state court conviction and sentence. Then on January 28 Feulner filed a timely pro se "Motion To Alter or Amend Judgment" under Fed. R. Civ. P. ("Rule") 59(e),[2] together with what he captioned as "Petitioner's Response to Respondent's 'Reply'"--but for some unexplained reason this District Court's Clerk's Office never

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] At the outset of the Motion Feulner said he "hereby intends, with difficulty, to invoke the prisoner mailbox rule" of Houston v. Lack, 487 U.S. 266 (1988). That concern is needless, for the interaction of Rule 59(e) and Rule 6(a) made his filing timely even without the benefit of that rule.

delivered copies of those filings to this Court. Thus this Court first learned of Feulner's filings when, understandably concerned whether his appeal time from the Opinion-ordered dismissal of his Section 2254 Petition was running, Feulner submitted these new documents that were delivered to this Court:

1. "Motion for Contingent Filing Instanter," with attached "Notice of Appeal," "Motion for Issuance of Certificate of Appealability" and a photocopy of his Rule 59(e) Motion; and

2. Feulner's February 9 forwarding letter (a copy of which is attached by way of information).

Needless to say, Feulner cannot be prejudiced by the error of the Clerk's Office in handling his Rule 59(e) filing of the Motion, which prevented this Court (unaware of its existence) from ruling on it promptly. This opinion turns then to consideration of the Motion on the merits.

Feulner asserts that his pro se post-conviction filing in the Illinois Appellate Court suffered only from his inarticulateness in failing to challenge directly the asserted ineffectiveness of his trial counsel and of his appellate counsel on direct appeal. But that is simply not so--as Opinion at 6-7 explained, even though Feulner was obviously well aware of his contentions in those respects, he expressly chose to argue before the Appellate Court only--and derivatively--that his post-

conviction counsel had provided him with constitutionally deficient representation by failing to advance those arguments as to Feulner's earlier representation.

With that being the case, all that was before the Appellate Court was the claimed constitutionally deficient representation by Feulner's post-conviction appellate counsel--after all, that court was entitled to take Feulner at his word. And given the well-established absence of any constitutional right to the services of post-conviction counsel, the Appellate Court cannot be viewed as having rejected Feulner's underlying substantive claims when it upheld the dismissal of his post-conviction petition--there was no occasion to do so.[3]

Accordingly Feulner's Rule 59(e) motion is denied. This Court is contemporaneously causing his recently tendered Notice of Appeal to be filed, and Feulner is ordered to submit promptly a completed In Forma Pauperis Application (copies of which are being sent to him with a copy of this memorandum opinion and order), together with a printout showing the transactions in his inmate trust fund account since August 1, 2004. Those papers will allow this Court to make the determination and calculations called for by Section 1915. Finally, this Court denies Feulner's

---

[3] It should be noted, just as this Court did in Opinion at 7-8, that Feulner's underlying claims were also procedurally defaulted as such for other reasons advanced in the ably-presented Answer and the later Reply to the Petition, as filed by respondent Warden Sims.

3

motion for issuance of a certificate of appealability for the reasons that have been set out in the Opinion and have been adhered to here.

---
Milton I. Shadur
Senior United States District Judge

Date: February 22, 2005